UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YVONNE PEARTREE, C.G., an infant
by his mother and natural guardian,
YVONNE PEARTREE,

                    Plaintiffs,

        -against-

CITY OF NEW YORK, MANNIX TENG,
and JANE DOE,

                  Defendants.
------------------------------------------------------------X



JUDGE CARTER

13 CV 4918

COMPLAINT

RECEIVED
JUL 16 2013

PLAINTIFFS DEMAND
A TRIAL BY JURY

        Plaintiffs, Yvonne Peartree and C.G., an infant by his m/n/g Yvonne Peartree, by their attorneys, Reibman & Weiner, as for their complaint against the defendants, allege, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

        1.    At all relevant times herein, plaintiff Yvonne Peartree was an adult female resident of Bronx County, within the City and State of New York.

        2.    At all relevant times herein, plaintiff C.G., the infant son of Yvonne Peartree, was an eleven (11) year-old male resident of Bronx County, within the City and State of New York.

        3.    At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

4.     At all relevant times hereinafter mentioned, defendant Mannix Teng, Shield No. 28619, was employed by the City of New York as a member of the NYPD. Teng is sued herein in both his official and individual capacities.

5.     At all relevant times hereinafter mentioned, defendant Jane Doe, whose actual identity is presently unknown to plaintiffs, was employed by the City of New York as a member of the NYPD. Doe sued herein in both her official and individual capacities.

6.     At all relevant times herein both individual defendants were state actors acting in the course of their employment with the NYPD under color of law.

7.     Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

8.     Venue is properly laid in this district pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Southern District of New York, and because it is the district of residence for the plaintiffs.

9.     A Notice of Claim was timely served by both plaintiffs upon the defendant City of New York.

10.    At least thirty days have passed since plaintiffs' service of their Notices of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11.    Plaintiffs have complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## FACTUAL ALLEGATIONS

12.     December 17, 2012, shortly before 10:00 p.m., plaintiff Peartree was present in her car with her infant son C.G. and was driving southbound on Grand Avenue in the Bronx.

13.     Plaintiffs lived nearby and were looking for a legal parking spot for Ms. Peartree's vehicle.

14.     As of that time, Grand Avenue, between 190 and 192 Streets, was a one-way street, with one lane for traffic, and parking lanes on each side.

15.     Plaintiffs had traveled partway down Grand Avenue between 190 and 192 Streets when they were forced to stop because an ambulance and police car were both stopped in ahead of them.  Because cars were parked along the curb on both sides of Grand Avenue, it was physically impossible for plaintiffs to continue driving down Grand Avenue.

16.     There was a vehicle traveling in the same direction as plaintiffs behind plaintiffs' vehicle when they came to a stop.  As a result, plaintiffs were forced to sit in traffic and wait for the ambulance and police car to move.

17.     Shortly thereafter, a police car arrived on Grand Avenue somewhere plaintiffs' vehicle.

18.     Defendant Teng and his partner, defendant Jane Doe, were in the newly arrived police car.  Both officers were in uniform and were on duty.

19.     Plaintiff Peartree observed that the defendants had activated the lights on top of their police car, suggesting that they wanted the vehicles ahead of them to move.

However, plaintiff Peartree was unable to move anywhere that would permit the defendants to pass her.

20. Teng exited his vehicle and approached plaintiffs, screaming at Ms. Peartree to move her car, and opened Ms. Peartree's car door.

21. Teng, who was visibly angry, showed Ms. Peartree where he wanted her to move her car, and then began heading back to the plaintiffs' vehicle, walking directly towards the open driver's side door.

22. Ms. Peartree, who was following Teng back to her car, observed her son C.G. crying and said to Teng, in sum and substance, that she did not want the officer to drive her car and that he had already upset her son.

23. Although plaintiff was not engaged in any criminal or suspicious conduct, Teng pulled up short, pulled out his handcuffs and grabbed plaintiff. In front of her young son, he swept her feet out from under her, knocking her to the pavement, and forcibly arrested her.

24. At no time did plaintiff resist her arrest.

25. There was no lawful basis for the seizure and arrest of Ms. Peartree, nor was it reasonable for the defendants to believe such a basis existed.

26. Notwithstanding the fact that plaintiff was not engaged in any criminal conduct and did not have any contraband in his possession, plaintiff was taken by the defendants in handcuffs to a nearby police vehicle and brought to a local area station house.

27. Plaintiff was eventually transported from the station house to Central Booking in Bronx County, where she were imprisoned for a period of many hours.

28. While plaintiff was were imprisoned by the defendants, Teng completed arrest paperwork in which he claimed that plaintiff was deliberately blocking traffic, refused to move her vehicle even though she could have done so, and as result, Teng was unable to respond to a radio call for a robbery in progress. Teng further alleged that plaintiff resisted arrest when she flailed her arms.

29. The factual allegations by Teng were materially false as the plaintiff was not deliberately blocking traffic, could not move her vehicle, did not refuse to move her vehicle, and had not resisted arrest, and Teng knew his claims to be false at the time he first made them, and at every time thereafter when he repeated them.

30. Teng forwarded these false allegations to the Bronx County District Attorney ("BCDA") in order to justify the arrest and to persuade the BCDA to commence the plaintiff's criminal prosecution.

31. As a direct result of these allegations by Teng, the plaintiff was criminally charged by the Bronx County District Attorney under docket number 2012BX071641 with one count of Obstructing Governmental Administration and one count of resisting arrest. No other charges were presented.

32. Teng also issued plaintiff a moving violation, under summons number AAS0593191, charging plaintiff with failing to yield to an emergency vehicle.

33. The criminal charges were resolved when Ms. Peartree agreed to accept an adjudication in contemplation of dismissal. The moving violation was separately dismissed.

34. Defendant Jane Doe was present at the scene when Teng arrested Ms. Peartree. At no time did she make any attempt to intervene in Teng's unconstitutional conduct or otherwise limit or mitigate the injuries he was causing plaintiffs.

35. In addition, at no time did Jane Doe file accurate or corrective statements, or otherwise take any steps to report the conduct of defendant Teng, of which she was personally aware.

36. During the course of her arrest, plaintiff Peartree instructed plaintiff C.G. to walk to her father's nearby apartment. However, officers at the scene seized C.G. and brought him to a local area station house.

37. There was no basis for defendants to seize and detain C.G., nor was it reasonable for the defendants to believe that they had the right to seize him.

38. Plaintiff C.G. remained in defendants' custody for a period of hours. Eventually, Ms. Peartree's sister came to the station house to retrieve Ms. Peartree's vehicle. When she found C.G. at the station house, she took him home with her.

39. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

40.     Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "39" of the complaint as if incorporated and reiterated herein.

41.     Defendants willfully and intentionally seized Yvonne Peartree, assaulted and subjected her to excessive force, and falsely arrested and imprisoned her without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution, or otherwise failed to intervene when her rights were being violated.

42.     Defendants willfully and intentionally seized the infant plaintiff, or caused him to be seized, and detained for a period of time without the consent or permission of his legal guardian without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution, or otherwise failed to intervene when his rights were being violated.

43.     By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of their federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

44. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "43" of the complaint as if incorporated and reiterated herein.

45. Plaintiff Peartree was intentionally, willfully, maliciously and/or with reckless disregard, seized, assaulted, battered, subjected to excessive force, and falsely arrested and imprisoned.

46. Defendants are therefore liable to Yvonne Peartree for falsely arresting, imprisoning, beating, and using excessive force against her.

47. The defendants intentionally, willfully, maliciously and/or with reckless disregard, seized plaintiff C.G., held him without cause or consent, placed their hands upon him without cause or consent, and assaulted, battered, and falsely arrested and imprisoned his mother without legal cause or a reasonable basis to believe such cause existed in front of him while he was in the zone of danger.

48. Defendants are therefore liable to C.G. for falsely arresting and imprisoning him, and for the negligent and intentional infliction of emotional distress.

49. The City of New York is vicariously liable to the plaintiffs for the above conduct under the doctrine of respondeat superior.

50. By reason thereof, defendants have caused each of the plaintiffs to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

    i.    on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
         July 2, 2013

                REIBMAN & WEINER

                By: _____
                       Michael Lumer, Esq. (ML-1947)
                       Attorneys for Plaintiffs
                       26 Court Street, Suite 1808
                       Brooklyn, New York 11242
                       (718) 522-1743